IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jose R. Ortiz, Reg. No. 99088-071,           )<br>                                          )<br>                        Petitioner,    )<br>                                          )<br>vs.                                       )<br>                                          )<br>United States of America,              )<br>                                          )<br>                        Respondent.  )<br>_____) | Civil Action No. 2:04-1160-DCN-GCK<br>Criminal No. 2:02-00412<br><br><br><br>**O R D E R** |

On April 14, 2004, petitioner, Jose R. Ortiz, Reg. No. 99088-071 (the "Petitioner" or "Ortiz"), acting pursuant to 28 U.S.C. § 2255, filed a *pro se* motion against the United States of America (the "Respondent") seeking to vacate his conviction and sentence because of the alleged ineffectiveness of his attorneys, Luis O. Diaz, Esquire ("Mr. Diaz") and Andrew D. Grimes, Esquire ("Mr. Grimes").

On November 23, 2004, the undersigned referred this case to the United States Magistrate Judge to conduct an evidentiary hearing by video conference to determine the credibility of certain witnesses.

On March 31, 2005, the evidentiary hearing was conducted in Columbia, South Carolina. The Magistrate Judge heard testimony from petitioner and petitioner's attorneys, Mr. Diaz and Mr. Grimes and filed a detailed Report and Recommendation on February 25, 2006 which this court adopts in its entirety.

### PETITIONER'S ALLEGATIONS

#### A.   Petitioner's First Issue

**That trial counsel neglected to preserve the Petitioner's right to a direct appeal from his judgment and sentence.**

At the evidentiary hearing, petitioner testified that at the sentencing hearing he asked his lawyer to file an appeal. Mr. Diaz testified that there was no discussion of an

appeal prior to or during the sentencing hearing on April 11, 2003 and that after the sentencing hearing, petitioner did not communicate to him in person, by telephone, or in writing, that he wanted to appeal any issue. Likewise, after the sentencing hearing, Mr. Grimes did not have any contact from petitioner until September 1, 2003, when Ortiz wrote to request a summary of services provided and a copy of the file. Inexplicably, in that correspondence, Ortiz did not address the issue of an appeal. The record reflects that it was not until October 3, 2003, almost six months after the sentencing hearing, that petitioner wrote to the undersigned about the status of an appeal that was allegedly requested on April 11, 2003. The Magistrate Judge did not find petitioner's testimony to be credible and neither does the undersigned.

## B.  Petitioner's Second Issue

**That Petitioner's plea of guilty was not knowingly and voluntarily entered inasmuch as it was entered in strict reliance upon the erroneous advice of counsel that he would be able to pursue a Motion to Suppress the drug evidence in his case if he pleaded guilty to Count One of the indictment against him.**

Petitioner testified that he had been told that if he pled guilty, then he would have the opportunity to have a suppression hearing which would occur after his guilty plea. Petitioner testified that he did not ask Mr. Grimes, his lawyer, about the suppression hearing because Mr. Grimes did not speak Spanish. However, Ortiz admitted that a court certified interpreter was present in court for the guilty plea, so he could have asked Mr. Grimes about this matter if he had cared to do so.

The transcript of the guilty plea hearing reveals that petitioner specifically told the undersigned that no one had made any other promises to him to induce his guilty plea. At the evidentiary hearing, however, petitioner claimed that in December 2002, Mr. Diaz had told him to "just plead guilty in January" and that Ortiz "needed to plead guilty and say yes to everything in order for [petitioner] to be able to have a suppression hearing." Mr. Diaz denied the allegation that he had told Ortiz that if he pled guilty he would be able to

pursue motions to suppress statements and evidence seized at the time of the arrest. Mr. Diaz stated: "I certainly did not tell petitioner that were he to plead guilty he would still preserve his right to a suppression hearing."

The Magistrate Judge was of the opinion that petitioner's testimony was false and evasive at the evidentiary hearing and was not credible. In contrast, Mr. Grimes presented credible testimony as to the presence of a translator at the guilty plea hearing, which indicates that petitioner could have communicated with Mr. Grimes about the suppression hearing that petitioner claims was to have occurred after he pled guilty. Mr. Diaz also provided credible testimony as to the suppression issue. Furthermore, this court has never conducted a suppression motion <u>after</u> a guilty plea. It is inconceivable that Ortiz' lawyers would have made the representations he says they made i.e. that the court would conduct a post-plea suppression motion. Ortiz' story is a figment of his imagination.

## C. Petitioner's Third Issue

**Trial counsel was ineffective for failing to negotiate a conditional plea of guilt which would have permitted him to reserve a Fourth Amendment challenge to evidence improperly seized in violation of his constitutional rights.**

Next, petitioner claims that his counsel was ineffective in failing to negotiate a conditional plea. However, Mr. Diaz testified that the Government was not willing to agree to such an arrangement and that there had been no discussion with Ortiz about that subject. Mr. Bickerton confirmed Mr. Diaz' testimony at the evidentiary hearing.

Petitioner testified that counsel did not discuss with him the nature of a Fourth Amendment challenge to the search and seizure of the drugs from the vehicle. Mr. Grimes testified that he was concerned that Ortiz would lose "a battle of credibility" since he had told the court in pretrial proceedings that he spoke no English, but the video showed otherwise, and could have been used by the Government to impeach him. The

Magistrate Judge found that petitioner's allegations with respect to this issue are not credible as does the undersigned.

### D.  Petitioner's Fourth Issue

**Trial counsel was ineffective for failing to raise an Apprendi/Ring type challenge to the Petitioner's sentence with respect to the United States Sentencing Commission guidelines as applied" to his case.**

Petitioner presented no testimony relating to this claim of ineffective counsel.  Mr. Diaz explained that the plea agreement established the drug quantity through an accurate stipulation concerning the 73 kilograms of cocaine that had been seized, and that the Indictment charged the statutory threshold of five kilos of cocaine in both counts.  The Indictment complied with Apprendi v. New Jersey, 530 U.S. 466 (2000) by charging the statutory threshold of five kilograms of cocaine, the parties properly stipulated to the exact amount of cocaine (73 kilograms) that had been seized and as to which there was no dispute, the sentence imposed was not based upon any other guideline enhancements or adjustments, and Apprendi, Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), have not been made retroactive to cases on collateral review.  *See*, *e.g.,* United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005) (Booker does not apply retroactively to cases on collateral review) (footnote omitted)).  Petitioner's final ground for relief lacks any support.

### CONCLUSION

This is a case about a man who was caught red-handed transporting 160 pounds of cocaine worth over $1.8 million dollars who, after being sentenced to the bottom end of the guidelines despite having a Criminal History of II, wants this court to allow him to withdraw his guilty plea so he can face a possible life sentence if he were to be convicted at the trial he says he desires.  It is also a case about an man who alleges that his two experienced lawyers were ineffective for failing to pursue a suppression motion either before his guilty plea, at his guilty plea, after his guilty plea or at his sentencing hearing,

depending upon which story petitioner wants this court to believe.  This is also a case about a man who was confident enough in his ability to contact the undersigned that he wrote a letter asking to serve his sentence in his native country prior to his sentencing hearing, but now says he was unsure that the sentencing judge was in charge of his hearing, that he was unable to complain to the sentencing judge and who failed to contact his lawyer or the sentencing judge about his alleged appeal until several months after he was sentenced.

All in all this case is about a man who was punished for transporting millions of dollars of cocaine and doesn't like the fact that he is in jail.

A de novo review of the record indicates that the Magistrate Judge's report accurately summarizes this case and the applicable law.  Accordingly, the Magistrate Judge's report and recommendation is **affirmed** and since petitioner's testimony is found to be wholly lacking in credibility, petitioner's Motion to Vacate, Set Aside or correct Sentence is **DENIED**.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

May 3, 2006
Charleston, SC